UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEVON HARVEY                                              CIVIL ACTION

VERSUS                                                    NO. 12-2862

RAY WILLIAMS, ET AL                                       SECTION "C" (5)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.  Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff filed suit in state court on October 23, 2012, alleging personal injuries sustained in a traffic accident on October 29, 2011.  This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia,

S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

    The defendants have not met their burden to show that the jurisdictional amount is facially apparent for present purposes, nor have they made a showing sufficiently particularized to meet that burden.  No affirmative proof of the jurisdictional minimum

is presented.  In addition, counsel for the plaintiff states in his memorandum that counsel have reached an agreement to stipulate that the jurisdictional minimum is lacking, although the plaintiff has not been contacted yet for approval.  Rec. Doc. 12.  Even if the anticipated stipulation is not binding for purposes La. Code Civ. P. 893, it is, nonetheless, strong evidence of the jurisdictional amount for present purposes.  In addition, the plaintiff states that he has been diagnosed with headache and back strains, an MRI in January 2013 revealed no underlying disc pathology and surgery is not anticipated.  Medical expenses are estimated at less than $5,000.  The Court finds that the record does not support a finding that this Court had subject matter jurisdiction at the time of removal.

Based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil Judicial District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 22nd day of February, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE